IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

EASTERN PROPERTY DEVELOPMENT *
LLC and SOUTH EAST ENTERPRISE
GROUP LLC,                     *

    Plaintiffs,             *
                              CASE NO. 4:11-CV-62 (CDL)
vs.                            *

LOREN C. GILL,                 *

    Defendant.              *
_____

O R D E R

    Defendant Loren Gill ("Loren Gill") has asserted various Counterclaims against Plaintiffs Eastern Property Development LLC and South East Enterprise Group LLC (collectively, "Plaintiffs"). Loren Gill also seeks to join two counterclaimants and ten counter-defendants. Presently pending before the Court is Plaintiffs' Motion to Dismiss the Counterclaims (ECF No. 29) and Loren Gill's Motion to Join Parties (ECF No. 17). For the reasons set forth below, Plaintiffs' Motion to Dismiss is denied. Loren Gill's Motion to Join Parties is granted in part and denied in part.

FACTUAL ALLEGATIONS

I.  **Plaintiffs' Action Against Loren Gill**

    This action involves a number of trusts set up by John Gill. Plaintiffs allege that they operate a rental real estate management business that manages numerous rental properties.

Am. Compl. ¶ 6, ECF No. 13.  Each property managed by Plaintiffs is owned by a separate trust ("property trust") and has the same beneficiary: the Gill Family Cornerstone Trust ("Cornerstone Trust").[1]  *Id.* ¶ 7.  Kevin Hartshorn manages both Plaintiffs, and he and Dan Van Gasken manage the proceeds received by Plaintiffs.  *Id.* ¶ 8.  The rental proceeds of these properties go to pay the costs of managing the business, and any remaining profit goes to the Cornerstone Trust.  *Id.* ¶¶ 8-9.  Plaintiffs contend that Loren Gill has no authority over either Plaintiff LLC, and yet he has attempted to assume control over their operations.  *Id.* ¶¶ 10-13.  Plaintiffs further allege that Loren Gill violated the federal trademark laws by opening a company called Eastern Property and directing Plaintiffs' tenants to send their rent checks to that company.  *Id.* ¶¶ 29-32.

Plaintiffs assert that the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because "the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different States." 28 U.S.C. § 1332(a)(1).  Plaintiffs further contend that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 based on Plaintiffs' trademark infringement claims.

---

[1] The beneficiaries of the Cornerstone Trust are John Gill's children, certain charities named in the trust document, and certain other charities designated by the executive trustee, who is Defendant Kevin Hartshorn.  Am. Compl. ¶ 7.

## II.  Loren Gill's Counterclaims

Loren Gill contends that he is a trustee of some or all of the property trusts and that he had the authority to take the actions he took.  Substituted & Recast Answer & Countercl. 2, Third Defense, ECF No. 44 [hereinafter Countercl.].  Loren Gill brings his counterclaim "in his capacity as trustee of the business trusts of which he serves as trustee," and he asserts that he is trustee on all business trusts and property trusts. Countercl. 5 ¶ 2.  He also claims to serve as "trust protector" of the Cornerstone Trust "by virtue of having been appointed as such by Barbara Gill, acting under and through a Power of Attorney given to her by John Gill before he fled the country in 2009." *Id.* ¶ 3.

Plaintiff Eastern Property Development LLC is a Utah LLC. Am. Compl. ¶ 1.  Its members are EPD-1 Holding Trust and EPD-2 Holding Trust.  *Id.*  Both EPD-1 Holding Trust and EPD-2 Holding Trust have the same beneficiary: Compassionate Order of Service of the Church of Compassionate Service ("Compassionate Order of Service"), which is a Utah organization with members in only the following states: Arizona, California, Florida, Hawaii, Idaho, Illinois, Massachusetts, Michigan, Mississippi, New Mexico, North Carolina, Oregon, Texas and Utah.  *Id.*; Pls.' Supplemental Br. to Address Citizenship of Parties for Diversity Purposes 2, ECF No. 52 [hereinafter Pls.' Suppl. Br.]; *accord id.* Ex. G,

Hartshorn Decl. ¶ 3, ECF No. 52-7.[2]  There are no allegations that the Compassionate Order of Service is incorporated in any state.  The Compassionate Order of Service holds all the units of beneficial interest in EPD-1 Holding Trust, and Slavi Kozhuharov is the executive trustee.  Pls.' Suppl. Br. Ex. D, EPD-1 Holding Trust Agreement, ECF No. 52-4.  Loren Gill alleges that Kozhuharov is also known as Troy Sinclaire and that he is a resident of Utah.  Countercl. 7 ¶ 10.  Based on these allegations, EPD-1 Holding Trust is, for diversity purposes, considered a citizen of Arizona, California, Florida, Hawaii, Idaho, Illinois, Massachusetts, Michigan, Mississippi, New Mexico, North Carolina, Oregon, Texas and Utah.[3]

The Compassionate Order of Service also holds all the units of beneficial interest in EPD-2 Holding Trust, and Kevin Hartshorn is the executive trustee.  Pls.' Suppl. Br. Ex. E, EPD-2 Holding Trust Agreement, ECF No. 52-5.  Loren Gill alleges that Hartshorn is a resident of Utah.  Countercl. 6 ¶ 6.  Based

---

[2] The list of states in the Amended Complaint is slightly different from the list of states in the Hartshorn Declaration.  For purposes of the presently pending motions, the Court has combined the two lists.

[3] "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).  This is also the rule for unincorporated entities, such as trusts; a business trust is a citizen of each state in which it has at least one shareholder. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1338 (11th Cir. 2002), *overruled on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 89 (2006); *see also Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989) (applying unincorporated association citizenship rule to an unincorporated church).

on these allegations, EPD-2 Holding Trust is, for diversity purposes, considered a citizen of Arizona, California, Florida, Hawaii, Idaho, Illinois, Massachusetts, Michigan, Mississippi, New Mexico, North Carolina, Oregon, Texas and Utah.  Based on the citizenship of its two members, EPD-1 Holding Trust and EPD-2 Holding Trust, Plaintiff Eastern Property Development LLC is, for diversity purposes, considered a citizen of Arizona, California, Florida, Hawaii, Idaho, Illinois, Massachusetts, Michigan, Mississippi, New Mexico, North Carolina, Oregon, Texas and Utah.

Plaintiff South East Enterprise Group is a Georgia LLC. Am. Compl. ¶ 2.  Its members are Plaintiff Eastern Property Development LLC and SEE Holding Trust.  The Compassionate Order of Service also holds all the units of beneficial interest in SEE Holding Trust, and Kevin Hartshorn is the executive trustee. Pls.' Suppl. Br. Ex. C, SEE Holding Trust Agreement, ECF No. 52-3.  Based on these allegations, SEE Holding Trust is, for diversity purposes, considered a citizen of Arizona, California, Florida, Hawaii, Idaho, Illinois, Massachusetts, Michigan, Mississippi, New Mexico, North Carolina, Oregon, Texas and Utah. Based on the citizenship of its two members, Plaintiff Eastern Property Development LLC and SEE Holding Trust, Plaintiff South East Enterprise Group is, for diversity purposes, considered a resident of Arizona, California, Florida, Hawaii, Idaho,

Illinois, Massachusetts, Michigan, Mississippi, New Mexico, North Carolina, Oregon, Texas and Utah.

Loren Gill is a citizen of Washington state. Am. Compl. ¶ 3. Loren Gill seeks to join ten individuals and entities as counter-defendants. These proposed counter-defendants are:

1. Kevin Hartshorn, a resident of Utah. Countercl. 6 ¶ 6.

2. Dan Van Gasken, a resident of Washington state. *Id.* at 6 ¶ 7.

3. Jay Nicol, a resident of Utah. *Id.* at 6 ¶ 8.

4. Compassionate Order of Service, a Utah entity with members in Arizona, California, Florida, Hawaii, Idaho, Illinois, Massachusetts, Michigan, Mississippi, New Mexico, North Carolina, Oregon, Texas and Utah. *Id.* at 7 ¶ 9; Am. Compl. ¶ 1; Pls.' Suppl. Br. Ex. G, Hartshorn Decl. ¶ 3, ECF No. 52-7.

5. Troy Sinclaire a/k/a Slavi Kohzhuarov, a Utah resident. Countercl. 7 ¶ 10.

6. SEE Holding Trust. *Id.* at 7 ¶ 11. As discussed above, SEE Holding Trust is, for diversity purposes, considered a citizen of Arizona, California, Florida, Hawaii, Idaho, Illinois, Massachusetts, Michigan, Mississippi, New Mexico, North Carolina, Oregon, Texas and Utah.

7. EPD-1 Holding Trust. *Id.* at 7 ¶ 12. As discussed above, EPD-1 Holding Trust is, for diversity purposes, considered a citizen of Arizona, California, Florida, Hawaii, Idaho, Illinois, Massachusetts, Michigan, Mississippi, New Mexico, North Carolina, Oregon, Texas and Utah.

8. EPD-2 Holding Trust. *Id.* at 7 ¶ 13. As discussed above, EPD-2 Holding Trust is, for diversity purposes, considered a citizen of Arizona, California, Florida, Hawaii, Idaho, Illinois, Massachusetts, Michigan, Mississippi, New Mexico, North Carolina, Oregon, Texas and Utah.

9. CentriServe, LLC. *Id.* at 8 ¶ 14. CentriServe, LLC is a Utah LLC with two members: Jared Galovich and Kelli

Galovich.  Def.'s Supplemental Br. Regarding Citizenship Ex. C, Articles of Organization, CentriServe, LLC, ECF No. 51 at 25.  Both Jared Galovich and Kelli Galovich are residents of Utah.  *Id.*  Accordingly, CentriServe is considered a citizen of Utah for diversity purposes.

10.  Janet Smith, a Utah resident.  Countercl. 8 ¶ 15.

Loren Gill alleges that these counter-defendants acted in concert with each other and with Plaintiffs "to take control, improperly and without any authority" of the business and property trusts, damaged the trusts, violated fiduciary duties, and converted and appropriated trust assets.  *Id.* at 8 ¶ 17.

Count 1 of the Counterclaim seeks removal of the trustees—Hartshorn, Van Gasken and Smith—from all of the trusts connected with "the Gill family businesses."  *Id.* at 9 ¶¶ 19-21.  Count 2 seeks "damages resulting from breach of trust" and asks that the counter-defendants be required to restore all amounts they wrongfully took from the trusts.  *Id.* at 10 ¶ 23.  Count 3 seeks an accounting by Hartshorn and Van Gasken, including an explanation of the transactions they made on behalf of the trusts.  *Id.* at 10 ¶ 25.  Count 4 seeks a modification of the provisions of the Cornerstone Trust and the business and property trusts "by insuring that [the] instructions of John Gill dated June 18, 1999 . . . be incorporated into the trust."[4]

---

[4] Under these instructions, the Cornerstone Trust was to have only one beneficiary—the Healing Water Ministry—even though the trust document provided for three classes of beneficiaries.  Countercl. Attach. 1, Directions to Executive Trustee, ECF No. 44 at 22.  The instructions state that John Gill's children "are not beneficiaries at this time"

*Id.* at 11 ¶ 27.  Count 4 also seeks to have the Court designate Loren Gill "as the beneficiary of the trust on behalf of the Gill family."  *Id.* at 11 ¶ 28.  Count 5 seeks reformation of the Cornerstone Trust and the business and property trusts "to ensure that the Gill family (and not some charity chosen by Hartshorn or Van Gasken) be designated as the beneficiary."  *Id.* at 12 ¶ 30.  Count 6 asks that the Court appoint Loren Gill as an "additional trustee for all of the trusts . . . so as to ensure that he will have standing to challenge all trusts."  *Id.* at 12 ¶ 32.  The Counterclaim has no Count 7.

Count 8 of the Counterclaim, which Plaintiffs do not oppose, relates to Elm Properties, LLC.  The claim is brought by Loren Gill only against "all Counterclaim Defendants."  *Id.* at 13 ¶ 34.  Loren Gill claims that he "is the owner and manager of Elm Properties, LLC."  *Id.*  He asserts that he "demanded that the property and rentals be turned over to him, but the Plaintiffs, as well as the additional Defendants on the Counterclaim have refused."  *Id.* at 13 ¶ 35.  Loren Gill alleges that Hartshorn, Van Gasken and Smith "have refused to give any information or income from this property to Loren Gill, in violation of their duties."  *Id.* at 13 ¶ 36.  Loren Gill asks

---

and that the trustee of the Cornerstone Trust should instruct the business and property trusts to "bypass" the Cornerstone Trust and distribute cash directly to the "Healing Water Ministry, Integrated Auxiliary Chapter of the International Academy of Lymphology," of which John Gill was the "assigned Minister."  *Id.*

that the assets of Elm Properties, LLC "be at once returned to him," and he seeks damages "for the conversion and wrongful acts of the Defendants" *Id.* at 14 ¶ 39.

The original Answer and Counterclaim included a fraud claim and claims under federal and state Racketeer Influenced and Corrupt Organizations laws.  Those claims have been withdrawn without prejudice.  *Id.* at 14-18 ¶¶ 40-83.

Loren Gill proposes to join Wallace R. Whitten ("Whitten"), a Georgia resident, and Michael R. Gill ("Michael Gill"), a Washington state resident, as counterclaimants in this action. According to Loren Gill, Whitten is trustee of all of the business trusts and property trusts, and the Cornerstone Trust lists Whitten as a "successor trustee."  Countercl. 6 ¶ 4. Michael Gill is the "beneficiary protector" of the Cornerstone Trust.  *Id.* at 6 ¶ 5.

DISCUSSION

Plaintiffs move to dismiss Counts 1 through 6 of the Counterclaim ("Trust Counterclaims") pursuant to Federal Rule of Civil Procedure 12(b)(1).  In the alternative, Plaintiffs contend that the Trust Counterclaims are improperly joined. Plaintiffs also assert that the counterclaimants and counter-defendants should not be joined.  Plaintiffs do not object to the joinder of the claims asserted in Count 8 ("Elm Properties Counterclaim"), though they contend that it is a permissive

rather than a compulsory counterclaim and that it is not necessary to join any additional parties for that claim. The Court addresses each issue in turn.

I.   **Trust Counterclaims**

   A.   <u>Does the Court Lack Subject Matter Jurisdiction over the Trust Counterclaims?</u>

Plaintiffs contend that the Trust Counterclaims should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Plaintiffs assert that Loren Gill does not have standing to bring the Trust Counterclaims, which are generally in the nature of breach of trust claims. In the alternative, Plaintiffs argue that even if Loren Gill does have standing to bring the Trust Counterclaims, those counterclaims are subject to an arbitration clause.

Plaintiffs acknowledge that Loren Gill asserts that he is a trustee of the business trusts and the property trusts, and he also claims that he is the "trust protector" for the Cornerstone Trust. Plaintiffs concede that if Loren Gill could prove these allegations, he would have standing to pursue the Trust Counterclaims. Plaintiffs also concede that "the question of [Loren] Gill's standing as a trustee is obviously factual and cannot be decided on a motion addressed to pleading inadequacies." Pls.' Mem. in Supp. of Mot. to Dismiss Countercls. 6, ECF No. 29-1 [hereinafter Pls.' Mem.]. For these reasons, the Court assumes for purposes of the pending motion to

dismiss that Loren Gill has standing to bring the Counterclaims and declines to dismiss the Counterclaims for lack of standing. The remaining question is whether the Counterclaims are subject to an arbitration clause.

Under the Federal Arbitration Act ("FAA"), a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable under ordinary state-law contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (internal quotation marks omitted). Parties are not, however, required to arbitrate "when they have not agreed to do so," and the Court may not compel arbitration of an issue if the terms of the arbitration agreement do not require arbitration. *Goldberg v. Bear, Stearns & Co.*, 912 F.2d 1418, 1419 (11th Cir. 1990) (per curiam). Moreover, the Court may not "twist the language of the contract to achieve a result which is favored by federal policy but contrary to the intent of the parties." *Id.* at 1419-20.

The Cornerstone Trust contains the following provision regarding arbitration:

ARBITRATION OF TRUSTEE'S DISAGREEMENTS. The Gill
Family Cornerstone Trust organization is assumed to
have its normal operational duties carried out or
performed by and through an assigned/hired Manager or
professional managerial organization by and on behalf
of the Trustees, which should offset most opportunity
for disagreements between or by the Trustees.
However, in the event of an impasse, disagreement or
deadlock, or confusion as to interpretation or proper
administration of the application of the Gill Family
Cornerstone Trust indenture, between Trustees and/or
other managers, fiduciaries, etc., the Executive
Trustee or other fiduciary may instigate the services
of the Trust Protector, to/or arrange and convene a
panel of arbitrators, at the option of the Protector,
to mediate the situation and establish a proper
solution for implementation by the Trustees. Should
the Protector choose to create such a group, the panel
will be comprised of the Trust Protector, plus at
least two (2) individuals who are independent; that
is, having no interest in the operation or outcome of
the processes of the Gill Family Cornerstone Trust
organization, except in the case of there having been
appointed and accepted an Investment and Consulting
Trustee (I.C.T.), under management by the Trustees.
Should no Trust Protector sit in office, then said
arbitrators will be approved by the Trustees, with the
Executive or Secretary making the final determination,
thereof, and thereafter accepted by the Trustees. The
arbitration panel will have the power to fully
investigate the matters being arbitrated, under the
direction of the Protector or Executive Trustee (sans
a Protector), with full access to applicable
information, without hindrance or interference by any
agent, manager or other entity, and especially the
Trustees. The panel shall also request the
Executive/Secretary Trustee to call Trustee's
meetings, only as are necessary, to fully establish
discovery of the situation to be arbitrated with full
cooperation by the Trustees. Decision on the fact
will be considered and pronounced by the Trust
Protector, or, if a panel, by a unanimous, or, if more
than two arbitrators, a two-thirds (2/3) vote, and
delivered in writing, to be entered into the private
records of the Trust as a minute by the Executive
Trustee. Decision on the issue will be final,
conclusive and binding, and Trustees, managers, etc.
will accept, without prejudice, recourse or appeal,

12

> said decision as such thereafter, and shall be
> implemented without prejudice by the Trustees.
> Fiduciaries not immediately bringing themselves into
> compliance on any issue so settled will be immediately
> terminated from their position(s) without appeal to
> the Protector or by the Trustees.

Mot. for TRO Attach. 6, Decl. of Trust for the Gill Family Cornerstone Trust ¶ 18, ECF No. 4-6 [hereinafter Decl. of Trust].[5]

Plaintiffs contend that this language constitutes a mandatory arbitration provision that requires the Court to compel arbitration of Gill's Counterclaims. The Court disagrees. The language is confusing and internally inconsistent, and nowhere does it clearly evince an intent to require arbitration for the type of dispute at issue here. The provision states that the Executive Trustee or other fiduciary "*may* instigate the services of the Trust Protector" "in the event of an impasse, disagreement or deadlock, or confusion as to interpretation or proper administration of the application of the Gill Family Cornerstone Trust indenture, between Trustees and/or other managers, fiduciaries, etc." *Id.* (emphasis added). Here, Gill claims that he is the trust protector of the

---

[5] Plaintiffs' motion to dismiss appears to present a facial challenge to Loren Gill's counterclaims, which means that the Court must take the allegations in the counterclaim as true for the purposes of the motion. *E.g., Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261-62 (11th Cir. 1997). The Cornerstone Trust and the property trusts are central to Plaintiffs' claims and to Loren Gill's counterclaims, and the authenticity of the documents is not challenged. Accordingly, the Court may consider the wording of these trusts without converting the present motion to a summary judgment motion. *E.g., Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Cornerstone Trust, and he also claims that he is a trustee on the property trusts of which the Cornerstone Trust is a beneficiary.  He does not, however, claim to be a trustee or manager of the Cornerstone Trust.  The arbitration provision does not on its face apply to disputes between the trust protector and the trustees and managers of the Cornerstone Trust.  Moreover, though it is somewhat vague, the arbitration provision appears to assign the job of mediating disputes covered by the arbitration provision to the trust protector, which further suggests that the arbitration provision does not apply to disputes raised by the trust protector.  Accordingly, Loren Gill's Counterclaims do not fall within the scope of the arbitration provision in the Cornerstone Trust.

Furthermore, even if disputes raised by the trust protector did fall within the scope of the arbitration provision, the arbitration provision is not mandatory.  Plaintiffs contend that the language of the agreement is "clear" that arbitration is required, but the Court does not agree with this interpretation.  The language is not a model of clarity, and it certainly does not state that arbitration is required.  Rather, it states that a panel of arbitrators "may" be convened "at the option of the" trust protector, and "[s]hould the [p]rotector choose to create such a group," the panel must be comprised of the trust

protector plus two independent individuals.[6]  *Id.*  The Court acknowledges the line of cases holding that the word "may" in an arbitration provision is generally "construed to give either aggrieved party the option to require arbitration."  *E.g., Deaton Truck Line, Inc. v. Local Union 612,* 314 F.2d 418, 422 (5th Cir. 1962).[7]  In the present case, however, as discussed above, the arbitration provision in the Cornerstone Trust applies to disputes between trustees and other fiduciaries, and the arbitration provision does not state that *these parties* may require arbitration.  Rather, it states that the *trust protector* may convene a panel of arbitrators.  For all of these reasons, the Court concludes that the Cornerstone Trust does not require arbitration of Loren Gill's Counterclaims under the circumstances presented here.

Plaintiffs represent that each of the property trusts incorporates the arbitration provision of the Cornerstone Trust and that arbitration is mandatory as to the Counterclaims involving the property trusts.  In support of this argument,

---

[6] Even this requirement of a three-person arbitration panel is vague; while one sentence in the arbitration provision calls for an arbitration panel, another sentence suggests that the trust protector acting alone may be the arbitrator or that the panel may consist of fewer than three arbitrators. Decl. of Trust ¶ 18.

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Plaintiffs point the Court to the following language, which they assert is in each of the property trusts:

> 20.   Deference in Construction. (Incorporation by Reference) This Trust agreement has been constructed to act as an affiliated organization with the Constitutional Unincorporated Pure Trust Organization known as the Gill Family Cornerstone Trust under management by the Trustees. Therefore, language, provisions, covenants or definitions herein stated are subject to replacement or deference to elements of as the Gill Family Cornerstone Trust organization indenture, should such elements prove to be of stronger or more protective nature than those stated herein for use by the Trustees. Consequently, should a provision, language or aspect of the [property trust] indenture come under attack, regardless of the source, for a reason which places it at risk, then the elements found in that aforementioned Gill Family Cornerstone Trust will take precedence as if those elements were actually defined and structured herein, for use by the Trustees. Additionally, upon inspection or review of the whole or part of this indenture, by an individual(s), authorized or otherwise, and a determination is made that there are aspects of the [property trust] documentation that are deficient and/or missing, in whole or in part, then, should there be appropriate provisions, sections or paragraphs within that aforementioned Gill Family Cornerstone Trust that will provide the desired/best result, then the aspects of that indenture writ will be incorporated into this documentation, in tacit form, as if it had been a permanent portion of the Trust indenture from the date of its creation, and shall be accepted as such by the Trustees.
>
> *  *  *
>
> 24. Situs. The [property trust] agreement has been accepted in the state of Georgia and instrument(s) of conveyance have been or are being registered in the appropriate County Recorder's office, of the State wherein the herein corpus property is located, under direction of and by the Trustees. However, the validity, construction, all rights, powers and immunities by the [property trust] will not be hindered by the laws of that State or County but shall

> remain the sole charter of and by the Trustees.
> Disputes will be initially arbitrated under the
> direction of the Trust Protector, then, if necessary
> litigated, should litigation become necessary, within
> the district court of the County in the State in which
> the majority of the Trustees reside upon the date of
> instigation of such litigation, as determined to be in
> the overall best interests of the Beneficiary and the
> [property trust] by the Trust Protector and further
> implemented by the Trustees.

Def.'s Resp. to Pls.' Mot. to Dismiss Attach., Decl. of Trust for the 24th-D Real Estate Holding Trust, ECF No. 40 at 18-20.

Plaintiffs contend that this language incorporates the arbitration provision of the Cornerstone Trust into each property trust. As discussed above, however, the arbitration is not mandatory under the arbitration provision in the Cornerstone Trust. Therefore, arbitration of Loren Gill's Counterclaims is not required, and the Court declines to compel arbitration of Loren Gill's Counterclaims.

B.   Are the Trust Counterclaims Properly Joined?

Plaintiffs assert that even if the Court does not dismiss the Trust Counterclaims under Federal Rule of Civil Procedure 12(b)(1), the Court should dismiss them as improperly joined under Federal Rule of Civil Procedure 13. The Court agrees with Plaintiffs that the Trust Counterclaims are not compulsory counterclaims. A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). In other words, a counterclaim is compulsory "when the same

17

operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) (per curiam) (internal quotation marks omitted). Here, the issue raised by Plaintiffs' Complaint is whether Loren Gill committed various torts when he attempted to take over Plaintiffs' offices. The claims asserted in the Complaint did not arise out of the transactions, such as trust mismanagement, that are alleged in the Trust Counterclaims; the original claims are not directly related to the operation of the trusts at all. Rather, the only connection between the original claims and the Trust Counterclaims is that Loren Gill took the actions he did because he claims that he had the authority to take action to protect the trusts from mismanagement. For these reasons, the Court concludes that the Trust Counterclaims are not compulsory counterclaims under Rule 13(a)(1).

The Trust Counterclaims are, however, permissive counterclaims that may be brought under Federal Rule of Civil Procedure 13(b), which states that a "pleading may state as a counterclaim against an opposing party any claim that is not compulsory." Fed. R. Civ. P. 13(b). Therefore, the Trust Counterclaims may be joined. The remaining question is whether

the counterclaimants and counter-defendants may be joined under Federal Rule of Civil Procedure 13(h).

The parties agree that there is no independent basis for federal jurisdiction over the Trust Counterclaims if all of the proposed counterclaimants and counter-defendants are added because the Trust Counterclaims are state law claims and there is not complete diversity of citizenship among the parties. This is because proposed counter-defendant Dan Van Gasken is a resident of Washington state, as are Loren Gill and proposed counterclaimant Michael Gill.

Loren Gill contends, however, that the Court may exercise supplemental jurisdiction over the Trust Counterclaims under 28 U.S.C. § 1367.[8]   Under § 1367, in a civil action where the district court has original jurisdiction, the district court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).   "The constitutional 'case or controversy'

_____

[8] The Eleventh Circuit has held that "a federal court cannot consider a permissive counterclaim unless the counterclaimant asserts an independent jurisdictional basis." *East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n*, 888 F.2d 1576, 1578 (11th Cir. 1989).   This ruling was based on the doctrine of ancillary jurisdiction, which was displaced when Congress adopted 28 U.S.C. § 1367 in 1990.   *E.g., Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 213 (2d Cir. 2004).   Though the Eleventh Circuit has not expressly decided the issue, the Court concludes that it must determine whether supplemental jurisdiction is available for the Trust Counterclaims under § 1367.   *Id.*

standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

It is undisputed that the Court has original jurisdiction over the claims asserted in Plaintiffs' Complaint based on diversity of citizenship under 28 U.S.C. § 1332(a). The Complaint also contains trademark infringement claims and therefore states a federal claim under 28 U.S.C. § 1331. The Court cannot, however, find that the Trust Counterclaims and Plaintiffs' claims arise out of a common nucleus of operative fact. Plaintiffs' claims arise from Loren Gill's attempt to assume control over Plaintiffs' operations and divert tenants' rent payments to his own company called Eastern Property. The Trust Counterclaims arise from the alleged mismanagement of certain trusts. The Court finds that the Trust Counterclaims do not form part of the same case or controversy as Plaintiffs' claims. Accordingly, the Court cannot exercise supplemental jurisdiction over the Trust Counterclaims, and only those parties for which complete diversity exists may be joined.

As discussed above, Plaintiffs are considered citizens of a number of states—Arizona, California, Florida, Hawaii, Idaho, Illinois, Massachusetts, Michigan, Mississippi, New Mexico, North Carolina, Oregon, Texas and Utah—but not Georgia or

Washington state.   Counterclaimants Loren Gill and Michael Gill are residents of Washington state, and counterclaimant Wallace Whitten is a resident of Georgia.   Nearly all of the individual counter-defendants are residents of Utah, and the LLC, trust and unincorporated association counter-defendants are considered citizens of a number of states—Arizona, California, Florida, Hawaii, Idaho, Illinois, Massachusetts, Michigan, Mississippi, New Mexico, North Carolina, Oregon, Texas and Utah—but not Georgia or Washington state.   Therefore, diversity jurisdiction exists as to all of these parties and proposed parties, and the Court grants Loren Gill's motion to join Wallace Whitten and Michael Gill as counterclaimants and Kevin Hartshorn and Janet Smith as counter-defendants.

Proposed counter-defendant Dan Van Gasken, however, is a resident of Washington state, so he cannot be joined without depriving the Court of subject matter jurisdiction.   Fed. R. Civ. P. 13(h); Fed. R. Civ. P. 19.   Accordingly, the Court denies Loren Gill's motion to join Dan Van Gasken.

The Court likewise denies Loren Gill's motion to join Jay Nicol, Order of Compassionate Service, Troy Sinclaire, SEE Holding Trust, EPD-1 Holding Trust, EPD-2 Holding Trust and Centriserve, LLC because his Counterclaim fails to state a claim against them.   Loren Gill summarily alleges that all of the defendants "acted in concert to take control, improperly and

without any authority, of Gill family business trusts and the real estate holding trusts, have violated fiduciary duties owed to the Counterclaimants, have damaged the trusts, have personally converted and appropriated assets from the trusts, have used trust assets to pay personal expenses (including legal fees and other living expenses) completely without authority and completely in breach of their fiduciary duties." Countercl. 8-9 ¶ 17. However, none of the Trust Counterclaims appears to state a claim against any party except the three alleged trustees of the property trusts—Hartshorn, Smith and Van Gasken—because there are no specific factual allegations regarding the actions of the other counter-defendants.

In Count 1, which seeks removal of trustees, only three proposed counter-defendants are alleged to be trustees of the relevant trusts: Hartshorn, Smith and Van Gasken. Countercl. 9 ¶¶ 20-21. Count 2 claims breach of trust under O.C.G.A. § 53-12-302 and does not allege that any proposed counter-defendant other than Hartshorn, Smith and Van Gasken are trustees of the relevant trusts. Countercl. 10 ¶ 23. A breach of trust action may only be brought against trustees. O.C.G.A. § 53-12-300 ("A violation by the trustee of any duty that the trustee owes the beneficiary shall be a breach of trust."); O.C.G.A. § 53-12-302(a) ("A trustee who commits a breach of trust shall be personally chargeable with any damages

resulting from such breach of trust[.]"). Count 3 seeks an accounting. Countercl. 10 ¶ 25. Such a claim is also properly brought only against trustees: under O.C.G.A. § 53-12-231, a beneficiary "may petition the court to require the trustee or the trustee's personal representative to appear before the court for a final accounting." O.C.G.A. § 53-12-231(a). There is no specific allegation that any of the other counter-defendants is a trustee of the relevant trusts or a personal representative of any trustee. Counts 4 and 5 seek modification of trust provisions. Countercl. 11-12 ¶¶ 27-30 Though a trustee may file such a claim, there is no allegation that the counter-defendants other than Hartshorn, Smith and Van Gasken are trustees of the relevant trusts. *E.g.,* O.C.G.A. § 53-12-62(b) ("A petition for modification may be filed by the trustee or any beneficiary or, in the case of an unfunded testamentary trust, the personal representative of the settlor's estate."). Finally, Count 6 seeks appointment of additional trustees. An "interested person" may petition the court to "appoint any number of trustees consistent with the intention of the settlor and the interests of the beneficiaries." O.C.G.A. § 53-12-201(e). Again, there is no allegation that any counter-defendant other than Hartshorn, Smith and Van Gasken is a trustee of the relevant trusts.

For all of these reasons, even accepting as true all facts set forth in Loren Gill's Counterclaim, the Counterclaim does not contain sufficient factual matter to state a claim for relief that is plausible on its face against proposed counter-defendants Jay Nicol, Order of Compassionate Service, Troy Sinclaire, SEE Holding Trust, EPD-1 Holding Trust, EPD-2 Holding Trust and Centriserve, LLC.   Therefore, the Court denies Loren Gill's motion to join these parties.

## II.  Elm Properties Counterclaim

In Count 8 of the Counterclaim, which is on behalf of Loren Gill alone, Loren Gill alleges that he owns a limited liability company called Elm Properties, LLC and that Hartshorn, Van Gasken and Smith "have refused to give any information or income from this property to Loren Gill, in violation of their duties." Countercl. 13-14 ¶¶ 34-38.   Plaintiffs do not seek to dismiss this count.   They appear to concede that this claim was properly joined because Loren Gill contends that the property is not part of the trust portfolio managed by Plaintiffs and that Plaintiffs are managing it and will not return it to Gill.   In other words, Loren Gill contends that Plaintiffs converted his property.

The Court cannot conclude that this counterclaim is compulsory; it does not rest on the same operative facts as Plaintiffs' claims against Loren Gill.   Therefore, the Court considers Count 8 to be a permissive counterclaim.   The Court

finds that it cannot exercise supplemental jurisdiction over Count 8 because it does not arise out of the same common nucleus of operative fact as Plaintiffs' claims.  Accordingly, the Court cannot join a party that will destroy complete diversity of citizenship, which means that Van Gasken cannot be joined as a party to Count 8.   In addition, Count 8 does not state a claim against Jay Nicol, Order of Compassionate Service, Troy Sinclaire, SEE Holding Trust, EPD-1 Holding Trust, EPD-2 Holding Trust and Centriserve, LLC.  Therefore, only Kevin Hartshorn and Janet Smith can be joined as counter-defendants to Count 8.

CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Dismiss the Counterclaims (ECF No. 29) is denied.  Loren Gill's Motion to Join Parties (ECF No. 17) is granted as to Wallace Whitten and Michael Gill as counterclaimants and Kevin Hartshorn and Janet Smith as counter-defendants.  Loren Gill's Motion to Join is denied as to Dan Van Gasken, Jay Nicol, Order of Compassionate Service, Troy Sinclaire, SEE Holding Trust, EPD-1 Holding Trust, EPD-2 Holding Trust and Centriserve, LLC.

Defendants shall file their amended counterclaim within 21 days of today's order on behalf of and against the parties permitted by today's order.  Service shall be made as required by law.  Within fourteen days of service of the last counter-defendant to be served, the parties shall confer to develop a

proposed   scheduling   discovery   order.     A   jointly   proposed
scheduling  order  shall  be  submitted  to  the  Court  within  28  days
of  service  of  the  last  counter-defendant  to  be  served.    That
proposed  order  shall  address  all  issues  required  by  the  Federal
Rules  of  Civil  and  shall  include  specific  deadline  dates  for
discovery  and  dispositive  motions.    This  order  does  not  affect
the  existing  expedited  scheduling  order  entered  by  the  Court  on
December 23, 2011.

    IT IS SO ORDERED, this 27th day of December, 2011.

                              S/Clay D. Land
                              _____
                                    CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE