IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

EASTERN PROPERTY DEVELOPMENT      *
LLC and SOUTH EAST ENTERPRISE
GROUP LLC,                        *

    Plaintiffs,                *
                            CASE NO. 4:11-CV-62 (CDL)
vs.                               *

LOREN C. GILL,                    *

    Defendant.                 *
_____

O R D E R

    This action, which started as a straightforward action for trespass, conversion and tortious interference by two plaintiffs against one defendant, has "morphed" into a complex mess involving counterclaims for breach of fiduciary duty, conversion of trust assets and mismanagement of trust assets, with a total of three counter-claimants and four counter-defendants.  In addition, two additional parties seek to intervene.  The transformation of this simple action into a convoluted morass of complicated claims began with this Court's December 27, 2011 Order, in which the Court granted in part and denied in part Defendant Loren Gill's ("Loren Gill") Motion for Joinder.  *See generally Eastern Prop. Dev. LLC v. Gill*, No. 4:11-CV-62 (CDL), 2011 WL 6780130 (M.D. Ga. Dec. 27, 2011).

    Plaintiffs Eastern Property Development LLC and South East Enterprise Group (collectively, "Plaintiffs") filed a Motion to

Reconsider (ECF No. 65) that Order.  The focus of the motion for reconsideration is that Dan Van Gasken, one of the counter-defendants that the Court refused to join because his joinder would destroy subject matter jurisdiction, is required to be joined under Federal Rule of Civil Procedure 19.  Because he cannot be joined, Plaintiffs contend, the other counterclaims that the Court previously permitted must be dismissed.  The Court construes this Motion to Reconsider as a motion to dismiss the counterclaims of Loren Gill, Wallace Whitten, and Michael Gill against Eastern Property Development LLC, Southeast Enterprise Group LLC, Kevin Hartshorn, and Janet Smith for failure to join a required party.  For the reasons explained below, that motion is granted.  Also before the Court is the Motion to Intervene of Karen Gill, on behalf of Kaitlyn Gill and Lauren Gill (ECF No. 46).  As discussed below, that motion is denied.[1]

The counterclaim by Loren Gill against Plaintiffs Eastern Property Development LLC and Southeast Enterprise Group LLC regarding Elm Properties, LLC shall remain pending.  Therefore, the only claims remaining in this action are the claims asserted in the original Complaint and the counterclaim related to Elm Properties, LLC.

---

[1] The Court will address Loren Gill's motion for partial summary judgment as to the Elm Properties counterclaim (ECF No. 68) in a separate order.

BACKGROUND

Plaintiffs Eastern Property Development LLC and Southeast Enterprise Group LLC ("Plaintiffs") operate a rental real estate management business that manages numerous rental properties. Each property managed by Plaintiffs is owned by a separate trust ("property trust") that was established by John Gill and has the same beneficiary: the Gill Family Cornerstone Trust ("Cornerstone Trust"). Plaintiffs filed this action against Loren Gill, contending that he attempted to assume control over their operations without authority and that he violated the federal trademark laws.

In Counts 1 through 6 of his Counterclaim ("Trust Counterclaims"), Loren Gill asserts that Plaintiffs and others breached their fiduciary duties to the trusts and appropriated trust assets for themselves. Loren Gill sought to join two additional counterclaimants and several additional counter-defendants. Plaintiffs moved to dismiss the Trust Counterclaims, contending that Loren Gill does not have standing to assert them and that the Trust Counterclaims are subject to an arbitration clause. Based on the motion to dismiss, Plaintiffs opposed Loren Gill's motion for joinder, contending that none of the parties Loren Gill sought to join were necessary to Plaintiffs' action against Loren Gill.

The Court found a fact question as to whether Loren Gill has standing to pursue the Trust Counterclaims, *Eastern Prop. Dev. LLC*, 2011 WL 6780130, at *4, and the Court determined that arbitration of the Trust Counterclaims is not required, *id.* at *7. The Court further concluded that the Trust Counterclaims are permissive counterclaims and granted Loren Gill's motion to join two additional counterclaimants, Wallace Whitten and Michael Gill, and two counter-defendants, Kevin Hartshorn and Janet Smith. *Id.* at *8. Hartshorn is executive trustee of the Cornerstone Trust, and Smith is a trustee of some or all of the property trusts. The Court denied Loren Gill's motion to join Dan Van Gasken as a counter-defendant because jurisdiction for the counterclaims was based solely on 28 U.S.C. § 1332 and Van Gasken's joinder would have destroyed diversity jurisdiction. *Id.* at *8-*9. Van Gasken is a trustee of some or all of the property trusts, and he and Hartshorn manage Plaintiffs' rental proceeds.

Now, Plaintiffs contend that Van Gasken is a required party under Rule 19 and that litigation of the Trust Counterclaims cannot proceed without him. In addition, John Gill's two daughters ("Gill children"), who are beneficiaries of the Cornerstone Trust, seek to intervene in this action. *See generally* Mot. to Intervene, ECF No. 46. The Gill children's claims overlap substantially with the Trust Counterclaims, except

4

they contend that the Gill children—and not Loren Gill—are the rightful beneficiaries of the Cornerstone Trust.[2]

DISCUSSION

## I.   **Plaintiffs' Motion to Dismiss**[3]

Plaintiffs contend that the Trust Counterclaims should be dismissed because the Court did not join Van Gasken as a counter-defendant. "Federal Rule of Civil Procedure 19 provides a two-step test for determining whether an action should proceed in the absence of a non-party." *United States v. Rigel Ships Agencies, Inc.*, 432 F.3d 1282, 1291 (11th Cir. 2005) (per curiam) (internal quotation marks omitted). "First, the court must determine whether the person in question should be joined." *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999). "If the person should be joined, but for some reason cannot be, the court must analyze the factors outlined in Rule 19(b)," *id.*, and determine whether "in equity and good conscience[,] the action

---

[2] The Gill children assert claims for: (1) theft by deception, (2) theft by conversion, (3) breach of fiduciary duty, (4) violation of the Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO"), O.C.G.A. § 16-4-1, *et seq.*, and (5) violation of federal RICO, 18 U.S.C. § 1961, *et seq.*   *See generally* Mot. to Intervene Ex. A, Proposed Third Party Compl., ECF No. 46-1.   The Gill children also seek construction and reformation of the Cornerstone Trust declaration.   *Id.* ¶¶ 51-52.   Like Loren Gill, the Gill children seek removal of the trustees of the Cornerstone Trust and the property trusts, they seek an accounting from the current trustees, and they seek the disgorgement of fees and profits paid to the current trustees.   *Id.* ¶¶ 58(a)-(c).

[3] Given that Plaintiffs did not, in their original opposition to Loren Gill's motion for joinder, raise the arguments that are the subject of their present "Motion to Reconsider," the Court construes the motion as a motion to dismiss for nonjoinder.

should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Under Rule 19(a), a party is "required" if "in that person's absence, the court cannot accord complete relief among existing parties" or if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest[] or . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). Here, Van Gasken is the executive trustee of most, if not all, of the property trusts at issue in the Trust Counterclaims. The Trust Counterclaims seek to remove Van Gasken as trustee and allege that Van Gasken breached his fiduciary duties to the trusts. The Court thus finds that it cannot accord complete relief among the existing parties in Van Gasken's absence and that Van Gasken claims an interest relating to the subject of the action and is so situated that disposing of the action in his absence would impair his ability to protect the interest. Accordingly, Van Gasken is a "required" party under Rule 19(a).

The next question is whether, "in equity and good conscience, the [Trust Counterclaims] should proceed among the existing

parties or should be dismissed." Fed. R. Civ. P. 19(b).  The

factors for the court to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  Here, Van Gasken has an interest in the

outcome of the Trust Counterclaims, particularly given that they

seek his removal as trustee of the property trusts.  Therefore,

judgment rendered in Van Gasken's absence would potentially

prejudice Van Gasken.  Moreover, judgment rendered in Van Gasken's

absence would potentially prejudice the co-trustees, Wallace

Whitten and Janet Smith, because Van Gasken's acts and or

omissions are central to the Trust Counterclaims, and his absence

would prevent them from seeking contribution from him.  Finally,

Loren Gill has an adequate remedy if the case is dismissed for

nonjoinder.  First, Loren Gill could pursue his Trust

Counterclaims in state court and include Van Gasken as a

defendant.  Second, Loren Gill could seek to pursue his claims in

an action that was recently brought in this Court: *Gill v. Hartshorn*, 4:12-CV-77-CDL.[4]   For all of these reasons, the Court concludes that the Trust Counterclaims in this action cannot, in equity and good conscience, proceed among the existing parties. Therefore, the Court dismisses the Trust Counterclaims for nonjoinder.[5]

## II.  Gill Children's Motion to Intervene

Given that the Court has dismissed the Trust Counterclaims, the Court concludes that the Gill children may not intervene in this action.   As discussed above, the Gill children's claims overlap substantially with the Trust Counterclaims, except the Gill children contend that they—and not Loren Gill—are the rightful beneficiaries of the Cornerstone Trust.

Under Federal Rule of Civil Procedure 24(a)(2), "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."   Fed. R. Civ. P. 24(a)(2).

[4] The Court recognizes that Loren Gill is named as a defendant in that action, but if Loren Gill can establish standing to pursue the Trust Counterclaims and that his interests are aligned with the plaintiffs in that case, then it is possible that he could seek realignment of the parties in that action.

[5] Van Gasken is not a required party for the Elm Property Counterclaim against the original Plaintiffs.   Therefore, that counterclaim shall not be dismissed.

Accordingly, to intervene "of right under Rule 24(a)(2), a party must establish that '(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.'" *Fox v. Tyson Foods, Inc.,* 519 F.3d 1298, 1302-03 (11th Cir. 2008) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)).

The key question here is whether the Gill children have an interest relating to the property or transaction which is the subject of the action. Now that the action has been whittled down, they do not. In the absence of the Trust Counterclaims, Plaintiffs' claims against Loren Gill are very narrow: the issue raised by Plaintiffs' Complaint is whether Loren Gill committed various torts when he attempted to take over Plaintiffs' offices. *Eastern Prop. Dev. LLC*, 2011 WL 6780130, at *7. The claims asserted in Plaintiffs' Complaint did not arise out of the transactions, such as trust mismanagement, that are alleged in the Trust Counterclaims and the Gill children's proposed Complaint in Intervention. *Id*. Rather, Plaintiffs' original claims are not directly related to the operation of the trusts at all; the only connection between the original claims and the Trust

9

Counterclaims/the Gill children's claims is that Loren Gill took the actions he did because he claims that he had the authority to take action to protect the trusts from mismanagement.   For these reasons, the Court concludes that the Gill children do not have an interest relating to the property or transaction which is the subject of Plaintiffs' action against Loren Gill.   Furthermore, the Gill children will be able to pursue all of their claims in the separate action they have recently filed in this Court.   Based on the foregoing, the Court denies the Gill children's Motion to Intervene.

CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Reconsider (ECF No. 65) is construed as a Motion to Dismiss the Trust Counterclaims, which the Court grants without prejudice.   The Court denies the Gill children's Motion to Intervene (ECF No. 46). Accordingly, the only claims remaining in this action are the original claims of Eastern Property Development LLC and Southeast Enterprise Group LLC against Loren Gill, and Loren Gill's Counterclaim regarding Elm Properties LLC, which is against Eastern Property Development LLC and Southeast Enterprise Group LLC.

IT IS SO ORDERED, this 16th day of April, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE