IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| EASTERN PROPERTY DEVELOPMENT LLC and SOUTH EAST ENTERPRISE GROUP LLC, | * * | |
| Plaintiffs, | * | CASE NO. 4:11-CV-62 (CDL) |
| vs. | * | |
| LOREN C. GILL, | * | |
| Defendant. | * | |

O R D E R

Defendant Loren Gill ("Loren Gill") filed a counterclaim against Plaintiffs Eastern Property Development LLC and South East Enterprise Group LLC ("Plaintiffs"), asserting that Plaintiffs are exercising unauthorized control over Elm Leasing, LLC ("Elm Leasing"), a company owned by him. Presently pending before the Court is Loren Gill's Motion for Partial Summary Judgment with respect to the ownership of Elm Leasing (ECF No. 68). For the reasons set forth below, the Court finds that no genuine fact dispute exists regarding the ownership of Elm Leasing and that the undisputed material facts establish that Loren Gill is the sole member of Elm Leasing with all rights associated with such ownership. Therefore, Loren Gill's motion is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Unless otherwise noted, the following facts are undisputed. Elm Leasing is a Mississippi limited liability company. Raymond Thorn formed the company in September 2003 at the instruction of Loren Gill's brother, John Gill. Pls.' Resp. to Def.'s Mot. for Partial Summ. J. Ex. A, Thorn Dep. 10:6-23, ECF No. 70-3. At that same time, Loren Gill executed an Operating Agreement that listed him as the manager and sole member of Elm Leasing.[1] Def.'s Mot.

---

[1] It is undisputed that at some point, Loren Gill was unable to find the original operating agreement for Elm Leasing, and he prepared a "replacement" document. Loren Gill located the original Operating Agreement, and he also located a copy of the original Operating Agreement, which he had given to a Columbus, Georgia attorney in 2005 in

for Summ. J. Attach. 3, Earley Aff. Ex. B, Operating Agreement 12 ¶ 7.1, 28-29, ECF No. 68-3 at 34, 50-51. The Operating Agreement states that Elm Leasing's profits and losses "shall be allocated among the Members in proportion to their respective Capital Commitment." *Id.* at 11 ¶ 6.1, ECF No. 68-3 at 33. The Operating Agreement further states that Loren Gill made an initial capital contribution of $5,000.00; Loren Gill is the only person listed as a member and is the only person who made a capital contribution. *Id.* at 29, ECF No. 68-3 at 51. Dan Van Gasken signed the Operating Agreement as a witness. *Id.* at 28, ECF NO. 68-3 at 50; Def.'s Br. in Supp. of Mot. for Summ. J. Ex. D, Van Gasken Dep. 31:13-18, ECF No. 68-1 at 45 (acknowledging that signatures on Operating Agreement are Van Gasken's and Loren Gill's).

Loren Gill later signed an "Application for Certificate of Authority for Foreign Limited Liability Company" as Elm Leasing's manager, and that application was submitted to the Georgia Secretary of State. Def.'s Mot. for Summ. J. Attach. 4, Loren Gill Aff. Ex. D, Application for Certificate of Authority for Foreign Limited Liability Company, ECF No. 68-4 at 60. The Georgia Secretary of State issued Elm Leasing a certificate of authority to transact business, and the certificate lists Loren

---

connection with a real estate transaction on behalf of Elm Leasing. Plaintiffs have not pointed to any evidence challenging the authenticity of the Operating Agreement Loren Gill relies upon in support of the present motion.

3

Gill as the manager. Loren Gill Aff. Ex. E, Certificate of Authority to Transact Business, ECF No. 68-4 at 62.

In April of 2005, John Gill purchased real property located in Columbus, Georgia from the Ervin and Susanne Bard Family Trust ("Bard Family Trust"). Earley Aff. ¶¶ 4-5. John Gill assigned his rights in the property to Elm Leasing, and Elm Leasing assumed John Gill's obligations. *Id.* ¶ 5. The Bards agreed to finance part of the purchase price, and Elm Leasing executed a promissory note and security deed in favor of the Bard Family Trust; Loren Gill signed the security deed on behalf of Elm Leasing. *Id.* ¶ 6; *see generally* Earley Aff. Ex. A, Security Deed, ECF No. 68-3 at 5-17. During the closing of the transaction, the Bard Family Trust's attorney, Karen Earley, requested certain documents from Elm Leasing to determine the ownership of Elm Leasing and who was authorized to act on its behalf. Earley Aff. ¶ 7. Ms. Earley obtained the following: a "Certificate" from Loren Gill stating that he is the sole member of Elm Leasing, a copy of the certificate of formation for Elm Leasing, a copy of the Elm Leasing Operating Agreement listing Loren Gill as the manager and sole member, and a written consent of Loren Gill on behalf of Elm Leasing authorizing the assumption of the obligations by Elm Leasing related to the property purchased from the Bard Family Trust and listing Loren Gill as the sole member of Elm Leasing. *Id.* ¶¶ 7-9; Earley Aff. Ex. B, ECF No. 68-3 at 18-55. Raymond

4

Thorn acknowledged that Loren Gill was the sole member of Elm leasing. Thorn Dep. 48:7-19.

Notwithstanding the written documentary evidence to the contrary, Plaintiffs contend that Elm Leasing was actually owned by John Gill and that Elm Leasing and its property were intended to be placed in one of John Gill's many trusts under Plaintiffs' management, with the Gill Family Cornerstone Trust as the beneficiary.[2] Plaintiffs' contentions, understandings, and speculation, however, are not supported by factual evidence. Plaintiffs have produced no documents showing that John Gill owns Elm Leasing; Plaintiffs have produced no documents showing that Loren Gill is not the sole member of Elm Leasing; and Plaintiffs have produced no documents showing that Elm Leasing or the property owned by Elm Leasing was placed in one of John Gill's many trusts. Van Gasken Dep. 32:23-34:23 (acknowledging that neither of Plaintiffs' managers, Dan Van Gasken and Kevin Hartshorn, had any documents regarding the ownership of Elm Leasing and that Van Gasken did not know if Elm Leasing had ever been placed in a trust).

The Court does not suggest that "documentary evidence" is the only type of evidence that may be considered on summary judgment,

---

[2] Plaintiffs also pointed to testimony of Wallace Whitten, who stated that he understood that Michael Gill, not Loren Gill, owns Elm Leasing and that Elm Leasing was never placed in a trust. Pls.' Resp. to Def.'s Mot. for Summ. J. Ex. B, Whitten Dep. 55:22-56:7. Plaintiffs did not point to any documents showing that Michael Gill is a member of Elm Leasing.

5

but Plaintiffs have also failed to point to other testimonial evidence that creates a genuine factual dispute. Plaintiffs direct the Court to testimony that Plaintiffs and Raymond Thorn managed Elm Leasing under the direction of John Gill, without input from Loren Gill, and that all proceeds to and payments from Elm Properties were processed through John Gill's company bank accounts. Thorn Dep. 25:22-28:21; *accord* Pls.' Resp. to Def.'s Mot. for Summ. J. Ex. E, Loren Gill Dep. 95:17-97:17, ECF No. 70-10; Pls.' Resp. to Def.'s Mot. for Summ. J. Ex. C, Blossfield Decl. ¶¶ 13-14, ECF No. 70-5. But Thorn acknowledged that Loren Gill's name was on Elm Leasing's bank account because Loren Gill was a member of the company. Thorn Dep. 27:9-15. Plaintiffs also pointed to Loren Gill's testimony that John Gill managed Elm Leasing for Loren Gill and provided Loren Gill with annual statements. Loren Gill Dep. 97:2-17.[3] Such evidence, however, does not conflict with the undisputed documentary evidence showing Loren Gill as the sole member of Elm Leasing. As explained below, none of this testimony creates a genuine factual dispute as to whether Loren Gill owns Elm Leasing.

---

[3] Plaintiffs also pointed the Court to evidence supporting their claims against Loren Gill related to Loren Gill's attempt to assume control over Plaintiffs' operations. Plaintiffs did not, however, clearly articulate how this evidence is related to Loren Gill's Elm Leasing counterclaim, and the Court finds that it is irrelevant to the pending motion.

DISCUSSION

Elm Leasing is a Mississippi limited liability company. Loren Gill contends, and Plaintiffs do not dispute, that Mississippi law governs formation of a Mississippi limited liability company. *See* Miss. Code Ann. § 79-29-119(a) (stating that law of Mississippi governs the "internal affairs of a limited liability company" created under Mississippi law). Under Mississippi law, an operating agreement must be agreed to by all of the limited liability company's members, and the operating agreement governs the "affairs of a limited liability company [and] the conduct of its business." Miss. Code Ann. § 79-29-123(1)(a); *accord* Miss. Code Ann. § 79-29-105(t) ("A limited liability company is bound by its operating agreement."). Mississippi law defines "member" as "a person who has been admitted to a limited liability company" and may be a person who has a financial interest, a governance interest, or both. Miss. Code Ann. § 79-29-105(q).

Mississippi law does not prescribe a method by which a person becomes a member at the formation of a limited liability company, but in the Operating Agreement, Loren Gill is designated as the manager, and he is also listed as the sole member with a capital contribution. Earley Aff. Ex. B, Operating Agreement 12 ¶ 7.1, ECF No. 68-3 at 34 (stating that Loren Gill is the "initial manager"); *id.* at 29, ECF No. 68-3 at 51 (listing Loren Gill as

7

the sole member and stating that he made a $5,000.00 capital contribution). Furthermore, the Operating Agreement states that Elm Leasing's profits and losses "shall be allocated among the Members in proportion to their respective Capital Commitment." *Id.* at 11 ¶ 6.1, ECF No. 68-3 at 33. Based on the Operating Agreement, it is clear that Loren Gill has both a financial interest and a governance interest in Elm Leasing.

Plaintiffs acknowledge that the Operating Agreement designates Loren Gill as the manager and sole member of Elm Leasing. Plaintiffs, however, contend that the written Operating Agreement should be ignored because as a practical matter John Gill acted as owner of Elm Leasing. The Court finds that the written Operating Agreement and related documents unambiguously provide that Loren Gill is the sole member and manager of Elm Leasing. Moreover, even if John Gill did have some active involvement in Elm Properties before he disappeared to flee criminal prosecution, his involvement is not necessarily inconsistent with the other uncontroverted evidence that Loren Gill was the sole member and manager of Elm Leasing. Plaintiffs' conclusory allegations that Loren Gill is untrustworthy and that his documentary evidence is "of questionable authenticity" is not the type of factual "evidence" that is required to create a genuine factual dispute. While "circumstantial evidence and reasonable inferences drawn therefrom create a genuine issue of

8

material fact for trial . . . [an] inference based on speculation and conjecture is not reasonable" and cannot defeat summary judgment. *City of Riviera Beach v. That Certain Unnamed Gray, Two Story Vessel Approximately Fifty-Seven Feet In Length*, 649 F.3d 1259, 1272 (11th Cir. 2011) (internal quotation marks omitted). Plaintiffs simply have failed to produce any evidence that the Operating Agreement and related documents are not authentic. Moreover, though Plaintiffs sought and were granted discovery so they could locate documents regarding Elm Leasing to support their claims that John Gill or one of the trusts own Elm Leasing, Plaintiffs have not produced any evidence that Elm Leasing is in fact owned by John Gill or one of the trusts he established. For all of these reasons, the Court must conclude that based on the present record no genuine dispute exists as to the ownership of Elm Properties, and the undisputed evidence establishes that it is owned by Loren Gill. Given the undisputed documentary evidence that Loren Gill is the sole member of Elm Leasing with all rights associated with ownership of Elm Leasing, Loren Gill is entitled to summary judgment on this issue.

CONCLUSION

As discussed above, the undisputed evidence establishes that Loren Gill is the owner of Elm Leasing, LLC. Therefore, the Court grants Loren Gill's Motion for Partial Summary Judgment with respect to the ownership of Elm Leasing, LLC (ECF No. 68). The

remaining issues for trial include (1) what property and/or funds presently managed by Plaintiffs belongs to Elm Leasing, and (2) whether Loren Gill is entitled to damages and, if so, what amount.

IT IS SO ORDERED, this 24th day of April, 2012.

                                    S/Clay D. Land
                                        CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE