```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION

EASTERN PROPERTY DEVELOPMENT    *
LLC and SOUTH EAST ENTERPRISE
GROUP LLC,                      *

     Plaintiffs,                *
                                        CASE NO. 4:11-CV-62 (CDL)
vs.                             *

LOREN C. GILL,                  *

     Defendant.                 *
```

O R D E R

The Court recently granted Defendant Loren Gill's ("Loren Gill") partial summary judgment motion with respect to the ownership of a company called Elm Leasing, LLC ("Elm Leasing"). *E. Prop. Dev. LLC v. Gill*, No. 4:11-CV-62 (CDL), 2012 WL 1424664, at *1 (Apr. 24, 2012). The Court concluded that no genuine fact dispute exists regarding the ownership of Elm Leasing and that the undisputed material facts establish that Loren Gill is the sole member of Elm Leasing with all rights associated with such ownership. *Id.* Now, Loren Gill contends that Plaintiffs Eastern Property Development LLC and South East Enterprise Group LLC ("Plaintiffs") should be sanctioned for opposing Loren Gill's partial summary judgment motion. For the reasons set forth below, the Court disagrees, and Loren Gill's Motion for Attorney's Fees (ECF No. 75) and Motion for Sanctions (ECF No. 76) are denied.

Loren Gill contends that when Plaintiffs opposed Loren Gill's summary judgment motion and denied that Loren Gill is the owner of Elm Properties, Plaintiffs acted wantonly and in bad faith and for vexatious and oppressive reasons. Loren Gill asks that the Court impose sanctions against Plaintiffs under (1) the Court's inherent authority to impose sanctions, (2) Federal Rule of Civil Procedure 56(h), and (3) Federal Rule of Civil Procedure 11(c). District courts possess inherent power to assess attorney's fees as a sanction when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (internal quotation marks omitted); *accord In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). "To exercise its inherent power a court must find that the party acted in bad faith." *McDonald v. Cooper Tire & Rubber Co.*, 186 F. App'x 930, 931 (11th Cir. 2006) (per curiam) (internal quotation marks omitted). The Court may also award attorney's fees as a sanction against a party who, "in bad faith or solely for delay," submits an affidavit or declaration in connection with a summary judgment motion. Fed. R. Civ. P. 56(h). Finally, the Court may sanction a party who presents a pleading or motion "for any improper purpose" or whose factual contentions do not have evidentiary support. Fed. R. Civ. P. 11(b)-(c).

To assess sanctions against Plaintiffs, the Court must find that Plaintiffs acted frivolously, in bad faith or for an improper purpose in opposing Loren Gill's summary judgment motion. While the Court ultimately concluded that Plaintiffs did not point to enough evidence to create a genuine fact dispute regarding the ownership of Elm Leasing, the Court finds that Plaintiffs made good faith arguments and representations regarding the ownership of Elm Leasing and that their opposition to Loren Gill's summary judgment motion was not frivolous, in bad faith or for an improper purpose. Accordingly, Loren Gill's Motion for Attorney's Fees (ECF No. 75) and Motion for Sanctions (ECF No. 76) are denied.

IT IS SO ORDERED, this 13th day of July, 2012.

                                        s/ Clay D. Land
                                           CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE