```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

EASTERN PROPERTY DEVELOPMENT,    *
LLC and SOUTH EAST ENTERPRISE
GROUP, LLC,                      *

     Plaintiffs,                 *
                                          CASE NO. 4:11-CV-62 (CDL)
vs.                              *

LOREN GILL,                      *

     Defendant.                  *
_____
```

O R D E R

The jury returned a verdict in favor of Plaintiffs Eastern Property Development, LLC and South East Enterprise Group, LLC ("Plaintiffs") and against Defendant Loren Gill ("Gill") on Plaintiffs' trespass, conversion, and interference with contractual relations claims, awarding Plaintiffs $35,335.98 in compensatory damages and $250,000.00 in punitive damages. Gill contends that the punitive damages award was unconstitutionally excessive and has filed a motion to reduce it to match the compensatory damages award (ECF No. 122). For the reasons set forth below, the motion is denied.

Also pending before the Court is Plaintiffs' Motion for Attorneys' Fees under § 35 of the Lanham Act, 15 U.S.C. § 1117 (ECF No. 118). In addition to their trespass, conversion, and interference with contractual relations claims, Plaintiffs

pursued a trade name infringement claim under § 43 of the Lanham Act, 15 U.S.C. § 1125. The Court previously found that Plaintiffs failed to prove damages on their trade name infringement claim, and the Court declined to submit that issue to the jury. The Court noted, however, that it would determine after trial whether Plaintiffs are entitled to attorneys' fees on their trade name infringement claim. As discussed below, Plaintiffs' motion for attorneys' fees is denied.

### I.   Gill's Motion for Remittitur of Punitive Damages Award

The jury's punitive damages award of $250,000.00 is roughly seven times the compensatory damages award of $35,335.98. It is beyond dispute that "'[p]unitive damages may properly be imposed to further a State's legitimate interests in punishing unlawful conduct and deterring its repetition.'" *Action Marine, Inc. v. Cont'l Carbon Inc.*, 481 F.3d 1302, 1317-18 (11th Cir. 2007) (quoting *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 568 (1996)). However, it is equally clear that "[t]he Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003). Defendants' motion requires the Court to determine whether the award in this case is so excessive or arbitrary that it cannot pass constitutional muster.

Having conducted the trial in this action, the Court cannot conclude from the evidence presented that the punitive damages award is grossly excessive in relation to the state's legitimate interest in punishing the conduct engaged in by the Defendant and deterring similar conduct. The Court also cannot conclude that the punitive damages award is so disproportionate to the amount of compensatory damages recovered that it must be reduced. The evidence presented at trial supports the jury's conclusion that Gill's conduct was sufficiently reprehensible to warrant the imposition of $250,000 in punitive damages. The Court acknowledges that the 7-to-1 ratio awarded by the jury is higher than the 4-to-1 ratio that has been endorsed by the Supreme Court, *see Campbell*, 538 U.S. at 425; however, the Court also understands that an evaluation of the excessiveness of a punitive damages award cannot be "reduced to a simple mathematical formula," *Action Marine*, 481 F.3d at 1321 (internal quotation marks omitted). The evidence in this case supported a finding by the jury that Gill busted into Plaintiffs' offices, took over their operations, disrupted their business, and interfered with their employees and tenants. The amount of provable monetary damages ultimately suffered by Plaintiffs understates the egregiousness of Defendant's conduct. Moreover, due to the fact that the Court issued a preliminary injunction preventing further similar conduct during the pendency of the

action, Plaintiffs' compensatory damages were mitigated notwithstanding the fact that Gill violated that injunction on one occasion. The evidence presented at trial supported the punitive damages award, and under the specific circumstances of this case, the Court cannot conclude that the award was excessive to the point of being unconstitutional. To reduce the award would be tantamount to an arbitrary substitution of this Court's judgment for the collective wisdom of Plaintiffs' peers who sat on his jury. While the Court has the obligation to conduct an independent review of the constitutionality of the award, the Court is not authorized to reduce it arbitrarily. Based on the Court's review, Gill's motion for remittitur must be denied.

**II.  Plaintiffs' Motion for Attorneys' Fees**

Plaintiffs seek attorneys fees based on their claim that Gill infringed their trade name, South East Enterprise Group, LLC, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Specifically, Plaintiffs contend that they have a protected interest in the trade name South East Enterprise Group, LLC, and that consumers in the Columbus, Georgia metropolitan area associate that name with Plaintiffs' real estate rental services. Plaintiffs further assert that it was trade name infringement for Gill to form a company called Southeastern Enterprise Group, LLC, open a bank account in that

4

company's name, and send correspondence to Plaintiffs' tenants instructing them to remit their rent payments to Gill's newly formed company.

When Plaintiffs filed this action, they sought, and the Court granted, a preliminary injunction enjoining Gill from "holding himself out as working for, acting for, or speaking on behalf of either Eastern Property Development or South East Enterprise or any other name that, because of its similarity to those two names, is confusingly similar."  Order Granting Preliminary Injunction 2, ECF No. 14.  Plaintiffs acknowledge that once the Court granted their motion for preliminary injunction on June 28, 2011, Gill stopped using the name South Eastern Enterprise Group, LLC.  Plaintiffs contend that they are entitled to attorneys' fees for the period before the preliminary injunction was entered.

Under § 35(a) of the Lanham Act, "[t]he court in *exceptional* cases may award reasonable attorney fees to the *prevailing party*" in an action under § 43(a) of the Lanham Act. 15 U.S.C. § 1117(a) (emphasis added).  "While Congress has not further defined exceptional, the legislative history of the [Lanham] Act suggests that exceptional cases are those where the infringing party acts in a malicious, fraudulent, deliberate, or willful manner.  *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994) (internal quotation marks

5

omitted); *accord Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1320 (2001) (concluding that the correct standard for exceptionality is fraud or bad faith). "Although a case may rise to the level of exceptionality, the decision to grant attorney fees remains within the discretion of the trial court." *Burger King Corp.*, 15 F.3d at 168.

In this case, the record is devoid of sufficient facts for the Court to conclude that Plaintiffs are the prevailing parties on their Lanham Act claim. Plaintiffs acknowledge that their trade name, South East Enterprise Group, is merely descriptive and is thus not entitled to trade name protection unless it has acquired secondary meaning. *See Tana v. Dantanna's*, 611 F.3d 767, 774 (11th Cir. 2010) (discussing requirements for trademark validity). "A name has acquired secondary meaning when the primary significance of the term in the minds of the consuming public is not the product but the producer." *Id.* (internal quotation marks omitted). At trial, Plaintiffs' Lanham Act claim seemed to be an afterthought. Plaintiffs failed to present sufficient evidence that the name "South East Enterprise Group" has attained secondary meaning. Although the Court does not hold today that Plaintiffs' trade name, South East Enterprise Group, has *not* attained secondary meaning and is therefore not a protectable trade name, the Court does conclude that Plaintiffs failed to meet their burden of establishing

6

secondary meaning at trial. Accordingly, the Court finds that Plaintiffs are not the "prevailing party" within the meaning of § 35(a) of the Lanham Act, and Plaintiff's Motion for Attorneys' Fees is therefore denied.

CONCLUSION

As discussed above, Gill's motion to reduce the punitive damages award (ECF No. 122) is denied, as is Plaintiffs' Motion for Attorneys' Fees under § 35 of the Lanham Act, 15 U.S.C. § 1117 (ECF No. 118). The Court previously stayed collection of the judgment pending its ruling on Gill's motion to reduce the judgment. That stay is now lifted.

IT IS SO ORDERED, this 12th day of December, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE