IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

EASTERN PROPERTY DEVELOPMENT,   *
LLC and SOUTH EAST ENTERPRISE
GROUP, LLC,                            *

    Plaintiffs,                *
                                        CASE NO. 4:11-CV-62 (CDL)
vs.                              *

LOREN GILL,                  *

    Defendant.              *

## O R D E R

Defendant Loren Gill ("Gill") seeks reconsideration of this Court's decision to lift the stay of the execution of the judgment obtained by Plaintiffs Eastern Property Development, LLC and South East Enterprise Group, LLC ("Plaintiffs"). Upon reconsideration and for the reasons explained in this Order, the Court grants Gill's Motion for Reconsideration (ECF No. 140).

A brief review of the proceedings provides background and context relevant to deciding the pending motion. Plaintiffs brought claims against Gill for trespass, conversion, and interference with contractual relations. Gill asserted a counterclaim against Plaintiffs that was assigned to him by his company, Elm Leasing, LLC. In his counterclaim, Gill claimed that Plaintiffs improperly retained the revenues of Elm Leasing, LLC, which the Court previously concluded is owned by Gill.

Gill asserted this counterclaim as an affirmative claim for damages but also in the nature of a defense for set-off should Plaintiffs prevail on their claims against Gill.  Prior to the jury trial, the Court decided that it would not permit Gill to assert the counterclaim during trial.  Instead, the Court concluded that the counterclaim should be resolved in a separate action that is pending in this Court in which Plaintiffs, Gill, and Elm Leasing are all parties.  Therefore, at the trial of the above captioned action, the jury only considered Plaintiffs' claims against Gill, rendering a verdict in Plaintiffs' favor and awarding Plaintiffs $35,335.98 in compensatory damages and $250,000.00 in punitive damages.  Because the Court severed Gill's counterclaim, Gill was unable to set off any damages he may have recovered under his counterclaim against the award of damages in favor of Plaintiffs against him.

After the jury verdict, Gill filed a motion to reduce the punitive damages award and also requested a stay of the execution of the judgment until Gill's Elm Leasing claim against Plaintiffs is decided in the related action.  The Court granted a stay pending resolution of the motion to reduce the punitive damages award and then lifted the stay when it denied that motion.  Gill now seeks reconsideration of the Court's decision to lift the stay.

By severing Gill's Elm Leasing counterclaim, the Court prevented Gill from offsetting any recovery under that counterclaim against the verdict Plaintiffs obtained against him. While Gill will certainly have the opportunity to pursue that claim in the related litigation, he has lost the opportunity to offset any recovery against the judgment that has now been entered against him. While these circumstances do not squarely fit within any of the specific considerations traditionally supporting a stay of the execution of a judgment, the Court finds that the balance of the equities and the interests of justice warrant the relief sought. Accordingly, the Court stays the execution of the judgment in this action until Gill's Elm Leasing claim against Plaintiffs can be adjudicated. To assure that the Plaintiffs' ability to collect their judgment is not compromised during the stay, the Court permits Plaintiffs to file a motion for bond or security to secure their judgment pending the outcome of Gill's Elm Leasing claim.

IT IS SO ORDERED, this 9th day of January, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE